IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | |
|---|---|
| UNITED STATES, § | |
| § | |
| v.  § | CRIMINAL ACTION NO. 2:04-CR-555-1 |
| § | (CIVIL ACTION NO. 2:14-CV-137) |
| THOMAS SCOTT GAITHER. § | |

**MEMORANDUM OPINION AND ORDER DISMISSING MOTION TO VACATE, SET ASIDE OR CORRECT SENTENCE PURSUANT TO 28 U.S.C. § 2255 AND DENYING A CERTIFICATE OF APPEALABILITY**

Before the Court is Thomas Scott Gaither's motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255. D.E. 52. Gaither challenges a federal warrant for revocation of his supervised release that has not yet been served on him. The Court dismisses the motion without prejudice and denies him a certificate of appealability..

## I. JURISDICTION

The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331.

## II. BACKGROUND

### A.   Facts of the Offense

In September 2004, Gaither was indicted on two counts of mail theft. At the time he was indicted, Gaither was in the custody of Nueces County, Texas on other charges. Gaither entered into a plea agreement with the government and pled guilty to Count One. In February 2006, he was sentenced to six months in Bureau of Prisons, to run consecutively to any other sentence Gaither was already serving. Gaither was also sentenced to three years supervised release. D.E. 26.

Gaither's supervised release has been revoked on two separate occasions, in March 2008 and May 2009. A more detailed account of his revocations is found in this Court's prior Memorandum Opinion and Order dated November 12, 2009. D.E. 50.

After his May 2009 revocation, Gaither was also sentenced in state court for DWI. In total, Gaither has served approximately 49 months of supervised release. Since that time, the Probation Department filed another Petition for Warrant or Summons for Offender Under Supervision that recites Gaither recommenced supervised release on December 29, 2011. That Petition was filed on December 27, 2013. D.E. 51. At the time of that Petition, Gaither was indicted for possession of a controlled substance in Nueces County, Texas. He failed to appear. His current motion was mailed from the Nueces County Jail.

### III. MOVANT'S ALLEGATIONS

Gaither's motion was signed on April 10, 2014. He complains that his supervised release ended February 15, 2014, but the state case that resulted in his detainer did not get resolved until February 29, 2014, after his supervised release allegedly terminated. The Court interprets his claim to be a challenge to this Court's jurisdiction to adjudicate the most recent Petition by the Probation Office. Additionally, Gaither claims he has already served 3 years of supervised release.

## IV.  ANALYSIS

### A.    28 U.S.C. § 2255

There are four cognizable grounds upon which a federal prisoner may move to vacate, set aside or correct his sentence: (1) constitutional issues, (2) challenges to the district court's jurisdiction to impose the sentence, (3) challenges to the length of a sentence in excess of the statutory maximum, and (4) claims that the sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255; United States v. Placente, 81 F.3d 555, 558 (5th Cir. 1996).  "Relief under 28 U.S.C. § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice."  United States v. Vaughn, 955 F.2d 367, 368 (5th Cir. 1992). Additionally, a § 2255 motion is reserved for post-conviction challenges.

### B.    For Purposes of § 2255 Gaither Is Not "In Custody"

Gaither's complaint concerns his *pending* warrant to revoke his supervised release. He has not yet been adjudicated on that warrant. A § 2255 motion may only be filed by a prisoner who is serving a federal sentence or is on federal supervised release for the sentence that the prisoner attacks. See 28 U.S.C. § 2255(a).[1]

---

[1] A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

Id.

3

Gaither is currently in state custody and is not serving any portion of his federal sentence or his federal supervised release at this time. He is subject to a federal detainer that may cause him to serving federal time in the future, but he is not serving that time presently. As a result, Gaither does not fit within the category of persons who may seek relief pursuant to § 2255 at this time.

## V. CERTIFICATE OF APPEALABILITY

An appeal may not be taken to the court of appeals from a final order in a habeas corpus proceeding "unless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c)(1)(A). Although Gaither has not yet filed a notice of appeal, the § 2255 Rules instruct this Court to "issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11, § 2255 Rules.

A COA "may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "The COA determination under § 2253©) requires an overview of the claims in the habeas petition and a general assessment of their merits." Miller-El v. Cockrell, 537 U.S. 322, 336 (2003).

As to claims that the district court rejects solely on procedural grounds, the movant must show both that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack, 529 U.S. at 484.

4

The Court finds that Gaither cannot establish at least one of the <u>Slack</u> criteria. Accordingly, he is not entitled to a COA as to his claims.

## VI.  CONCLUSION

Although Gaither's motion is titled a motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255, he does not qualify for relief. Gaither's motion (D.E. 52) is DISMISSED without prejudice and he is DENIED a certificate of appealability.

Ordered this 16th day of July 2014.

_____
HAYDEN HEAD
SENIOR U.S. DISTRICT JUDGE